## (October 28, 1971)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEFFREY BLAKE, Appellant.— Judgment of conviction, Supreme Court, Bronx County, rendered on April 10, 1970, reversed, on the law, and a new trial directed. We find no error in the court's determination that an in-court identification would be the consequence of the witness' observation of the defendant at the scene of the crime. This conclusion was supported by the testimony. Any possible violation of constitutional rights as to the failure to have counsel at the so-called lineup was not prejudicial. In view of this no further hearing is required. It is otherwise as regards the trial. The prosecution as part of its main case was allowed to prove the subsequent identification on the direct testimony of the witnesses involved. This was before the identification was challenged. Such bolstering of the identification and its subsequent iteration in summation and approval in the charge was clearly erroneous. Concur — Kupferman, Steuer and Tilzer, JJ.; Nunez and Murphy, JJ., dissent in part in the following memorandum by Murphy, J.: I concur and would grant a new trial but would direct preliminarily a new hearing as to the in-court identification. About two weeks after the crime the defendant was arrested and taken to the Bronx Criminal Court detention cell. The patrolmen were notified and went to the detention cell "to see if an identification could be made". The defendant was " pointed out " from

other prisoners in the cell. However, no defense attorney was present nor was the defendant advised that he could have counsel present nor is there any claim of waiver. After a hearing in which the court overruled the defendant's objection, the two patrolmen who identified the defendant as an occupant of the stolen car were permitted to testify at the trial of their "lineup identification" of the defendant. This was error and a violation of the defendant's Sixth Amendment rights entitling him to counsel at the lineup identification (*United States* v. *Wade,* 388 U. S. 218; *Gilbert* v. *California,* 388 U. S. 263). Accordingly, all lineup testimony was inadmissible and should have been excluded per se. The principal issue at the trial was identification. Under the circumstances, the jury's consideration of the lineup on a close question of identification was error which mandates a new trial. A further hearing is also required to determine the admissibility of the in-court identification wherein it must be established that the in-court identification was based upon observations of the defendant other than at the lineup. (*United States* v. *Wade,* 388 U. S. 218, 240, *supra.*) The trial court made no "determination that an in-court identification would be the consequence of the witness' observation of the defendant at the scene of the crime" as stated by the majority. The trial court never reached this issue since it had overruled the defendant's objection as to the lineup itself. From the observations of the patrolmen, which is measured in seconds, on a dark night with the defendant in the back of a car it does not seem possible that a determination can be summarily made on this record that the police officers had an "independent source" for the in-court identification.